IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHESTER BROWN,           ) | |
|       ID # 26825-077,    ) | |
|           Movant,        ) | |
|                          ) | No. 3:18-CV-1493-D-BH |
| vs.                      ) | No. 3:15-CR-226-D(5) |
|                          ) | |
| UNITED STATES OF AMERICA,) | |
|           Respondent.    ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 8, 2018 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

## I.     BACKGROUND

Chester Brown (Movant) challenges his federal conviction and sentence in Cause No. 3:15-CR-226-D(5). The respondent is the United States of America (Government).

**A.     Conviction and Sentencing**

On May 20, 2015, Movant and several co-defendants were charged by indictment with two counts of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 (counts one and two). (*See* doc. 1.)[2] He pled guilty to counts one and two of the indictment on February 12, 2016, under a plea agreement. (*See* docs. 251, 330.)

Prior to entering into a plea agreement and pleading guilty, Movant filed a *pro se* petition to withdraw his guilty plea and for the appointment of new counsel on the basis that he was

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:15-CR-226-D(5).

innocent, not properly represented by counsel, and could not trust his counsel's judgment. (*See* doc. 233.) The motion was denied because Movant had not yet pled guilty, and the *pro se* motion was not authorized while Movant was represented by counsel. (*See* doc. 234.) Movant subsequently entered into a plea agreement with the Government. (*See* doc. 251.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See id* at 1.)[3] He agreed that the factual resume he signed was true and would be submitted as evidence. (*See id.*) The plea agreement set out the range of punishment and stated that Movant had reviewed the federal sentencing guidelines with counsel, that he understood his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See id.* at 2.) He understood that the Court had sole discretion to impose the sentence. (*See id.*) He had reviewed all legal and factual aspects of the case with counsel and believed that it was in his best interest to plead guilty. (*See id.* at 5.) The guilty plea was freely and voluntarily made and not the result of force, threats, or promises apart from those included in the plea agreement. (*See id.* at 4.) He waived his right to appeal and to contest his conviction and sentence in a collateral proceeding, except that he reserved the rights (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of his guilty plea or the appeal waiver, and (c) to bring a claim of ineffective assistance of counsel. (*See id.* at 4-5.) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea. (*See*

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*id.* at 3.)

At his re-arraignment on February 12, 2016, Movant acknowledged under oath that he was satisfied with his counsel's representation and advice, that he had carefully read and discussed the factual resume with counsel, that he had committed each of the essential elements of the charged offenses, and that the stipulated facts in the factual resume were true and correct. (*See* doc. 525 at 7, 18-20.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal except in very limited circumstances. (*See id.* at 9-11, 16.) He affirmed that he had discussed with his attorney how the sentencing guidelines worked; he understood that the guidelines were advisory and that his counsel's professional opinion concerning what the guideline range might be was not a guarantee or promise. (*See id* at 14-15.) He acknowledged that no one had made any specific prediction or promise about what his sentence would be, that the Court alone would decide his sentence, and that he was not pleading guilty based on any promises by anyone other than those in the plea agreement. (*See id.* at 8-9, 14-16.) He acknowledged his understanding that by pleading guilty to both counts, he was subjecting himself to a total maximum period of imprisonment of 40 years because the Court had the authority to order the sentences on the two counts to run consecutively. (*See id.* at 13.) He pled guilty, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 17, 20.)

On June 3, 2016, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2015 United States Sentencing Guidelines Manual. (*See* doc. 429-1 at ¶ 26.) After applying the applicable drug quantity table under U.S.S.G. § 2D1.1(c)(3), the PSR calculated a base offense level of 34. (*See id.* at ¶ 28.) Two levels were added for maintaining a "trap house," and four levels were added for Movant's role in the offense. (*See id.* at ¶¶ 29, 31.) Three levels were deducted for acceptance of responsibility, resulting in a

total offense level of 37.  (*See id.* at ¶¶ 35-37.)  Based on a criminal history category of III and a total offense level of 37, the resulting guideline range was 262-327 months.  (*See id.* at ¶ 86.)  Movant objected to the PSR on July 1, 2016, challenging the drug quantity for which he was held accountable and the four-level increase for his alleged role.  (*See* doc. 469.)  On August 5, 2016, the USPO submitted an addendum to the PSR in which it addressed Movant's objections and found no changes to the PSR were warranted, but acknowledged that the resulting guideline range would become 108-135 months if the objections were all sustained.  (*See* doc. 495-1.)

At the sentencing hearing on August 19, 2016, Movant testified under oath that he had sufficient time to read and discuss the PSR and other sentencing materials with his counsel.  (*See* doc. 547 at 3.)  After hearing argument and testimony, the Court overruled the objections to the PSR and found that the findings in it were supported by a preponderance of the evidence; by judgment dated August 22, 2016, it sentenced Movant to consecutive sentences of 240 months' imprisonment on count one, and 22 months' imprisonment on count two, for a total aggregate sentence of 262 months' imprisonment, to be followed by a three-year term of supervised release.  (*See* doc. 547 at 68-69; doc. 503 at 1-3.)  It also ordered him to pay a $200 special assessment.  (*See* doc. 503 at 5.)

On direct appeal, Movant's appellate counsel filed a brief under *Anders v. California*, 386 U.S. 736 (1967), and the appeal was dismissed on April 6, 2017.  *United States v. Brown*, 684 F. App'x 444 (5th Cir. 2017).  Movant did not file a petition for a writ of certiorari with the Supreme Court.

**B.**     **Substantive Claims**

Movant's § 2255 motion states the following ground for relief:

> [Movant's] Plea was not Knowingly, Intelligently, and Voluntarily Entered as a Result of Ineffective Assistance of Counsel[.]

4

(No. 3:18-CV-1493-D-BH, doc. 2 at 4.) On August 10, 2018, the Government filed a response. (*See id.*, doc. 8.) Movant filed a reply on September 10, 2018. (*See id.*, doc. 9.)

## II. SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that his counsel was ineffective during plea negotiations. (*See* No. 18-CV-1493-D-BH, doc. 2 at 4; doc. 3 at 7-10; doc 9 at 4.)

5

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

A.  **Sentencing Exposure**

Movant claims that his counsel "was deficient for providing [Movant] with a gross misrepresentation of the likely sentencing consequences of his plea," and that counsel "promised [Movant] that he would receive a sentence between 135 and 150 months' imprisonment if he accepted the [Government's] plea offer." (No.3:18-CV-1493-D-BH, doc. 3 at 7; *see id.*, doc. 4 at 3-4.) He claims that had he "been accurately advised of [his] true advisory range of imprisonment, including the fact that it could be increased based on relevant conduct drug quantity extrapolations exceeding what [he] admitted to in [his] plea agreement, [he] would not have accepted the plea offer, but instead would have exercised [his] right to trial by jury." (*Id.*, doc. 4 at 4.)

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "'When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" *Id.* (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*. When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted). A significant miscalculation between counsel's erroneous sentence estimate and the actual sentencing range can constitute deficient performance. *See id.* at 437 (finding that counsel was deficient for advising his client that he faced only 6 to 12 months' imprisonment if

7

convicted based on his misunderstanding of the guidelines, when he actually faced a range of 70 to 87 months); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (stating that "[a]n attorney who underestimates his client's sentencing exposure by 27 months performs deficiently because he does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial[,]" and remanding for determination of whether alleged misrepresentation was actually made).

Assuming for purposes of this motion only that, as Movant alleges, counsel rendered deficient performance by telling him that his sentencing guideline range would be 135-150 months' imprisonment, deficient performance alone is insufficient to establish relief under § 2255. *Strickland* also requires a showing of resulting prejudice. When a movant

> adduce[s] no proof that he was promised or assured of a specific sentence, but, rather, that counsel gave him his "best estimate" of what sentence might be given if he pled guilty . . . [and when] [t]he plea agreement and the record of the change of plea hearing are replete with references to the fact that the District Court would make the determinations with respect to his sentence under the sentencing guidelines, that the District Court could decline to follow recommendations, and that no promises had been made with respect to the sentence that the District Court would impose[,]

the district court properly denies relief for lack of prejudice. *United States v. Ritter*, 93 F. App'x 402, 404-05 (3d Cir. 2004); *see also United States v. Mackay*, Nos. 3:97CR0208T(01), 3:04-CV-0413-D, 2007 WL 700895, at *26-27 (N.D. Tex. Mar. 6, 2007); *Gray v. United States*, Nos. EP-18-CV-93-PRM, EP-13-CR-1832-PRM-4, 2019 WL 3306012, at *4 (W.D. Tex. July 23, 2019) (finding that the movant could not establish prejudice from his counsel's alleged underestimation of his sentencing exposure where "the Court ensured that Movant understood his maximum possible sentence"); *United States v. Collins*, Nos. 3:06-cr-43-WHB, 3:08-cv-606-WHB, 2009 WL 910842, at *6 (S.D. Miss. Apr. 1, 2009) (finding the movant failed to establish prejudice for

counsel's failure to warn him about potential enhancements under the sentencing guidelines where the Court properly advised movant of statutory maximum term of imprisonment).

Here, Movant's plea agreement stated that he understood his sentence would be imposed by the court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See* doc. 251 at 2.) Movant was also advised in person by the Court that because it had "the authority to serve—to order the sentences on Counts One and Two served consecutively, by pleading guilty to both of these counts you subject yourself to a maximum period of imprisonment of 40 years[.]" (doc. 525 at 13.) Movant stated that he understood the penalties to which he was exposed, including the 40-year maximum period of imprisonment. (*See id.*) He also swore in open court that no specific prediction or promise had been made to him about what his sentence would be, that he understood counsel's professional opinion about what the advisory guideline range might be was not a guarantee or promise, and that he understood the Court alone would determine his sentence and could impose a sentence more severe than the applicable guideline range.[4] (*See id.* at 8-9, 14-16.)

Accordingly, regardless of what his counsel told him about his sentencing exposure, Movant cannot show prejudice under *Strickland* because his responses under oath to the Court's

---

[4] The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea. A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir.1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.* When the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," however, the Court may dispense with his allegations without an evidentiary hearing. *Id.* Here, Movant has not provided evidence of specifically where and when counsel made the promise that allegedly caused him to plead guilty, or identified any eyewitness to the promise. Nor has he provided any independent indicia of the merit of the allegations of an alleged promise. Accordingly, to the extent Movant argues that counsel promised he would receive a specific sentence, he has not demonstrated he is entitled to an evidentiary hearing, or to relief on this basis under § 2255.

questioning show that he was clearly informed about and understood his sentencing exposure when he pled guilty to counts one and two. He is therefore not entitled to § 2255 relief on this claim and it should be denied.

### B. <u>Failure to Investigate</u>

In his memorandum, Movant also appears to claim that his counsel was ineffective for "failing to conduct minimally required investigation" into the relevant conduct that would be used to calculate his guideline range. (*See* No. 3:18-CV-1493-D-BH, doc. 3 at 8.)

Counsel has a duty to investigate the charges and evidence against his client. *Strickland*, 466 U.S. at 690-91. "[C]ounsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Id.* at 690. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial," however. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal that, "[t]o establish his failure to investigate claim, [the movant] must allege with specificity what the investigation would have revealed and how it would have benefitted him."). "[T]here is no presumption of prejudice based on the failure to investigate." *Gonzalez v. United States*, Nos. 5:19-CV-145, 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Aside from generally alleging that counsel failed to "conduct minimally required investigation" into the relevant conduct and its impact on the sentencing guidelines, Movant does not otherwise address this argument in his filings. Because he has failed to explain what investigation his counsel could have conducted, what evidence any such investigation would have

revealed, or how such evidence would have benefitted him, he has not shown that his counsel's performance was deficient. Even if he had, he has not established prejudice as a result. Movant was informed through his plea colloquy with the Court about the maximum sentence exposure to which he was subject by pleading guilty, as discussed above. He confirmed his understanding of his maximum sentencing exposure and proceeded to plead guilty. Movant has failed to satisfy both *Strickland* prongs and relief on this ground should be denied.

## IV. INVOLUNTARINESS

Movant contends that his guilty plea was not knowing, intelligent, and voluntary due to the ineffective assistance of counsel. (*See* No. 3:18-CV-1493-D-BH, doc. 2 at 4; doc. 3 at 6.)

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a guilty plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'") (quoting *Brady*, 397 U.S. at 748). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000). "Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Rule 11 provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it[.]'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v.*

12

*Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Accepting for purposes of this motion only that counsel misrepresented or miscalculated Movant's sentencing exposure, "an erroneous estimate by counsel as to the length of sentence" does not necessarily render a guilty plea involuntary. *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981); *see also Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002) ("a guilty plea is not rendered involuntary because the defendant's misunderstanding [of the sentence] was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed.") (emphasis in original), *abrogated on other grounds by Glover v. United States*, 531 U.S. 198 (2001); *Johnson v. Massey*, 516 F.2d 1001, 1002 (5th Cir. 1975) (holding that an attorney's "good faith but erroneous prediction of a sentence . . . does not render the guilty plea involuntary."); *accord United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987) ("a defendant's reliance on his attorney's erroneous prediction of leniency is not sufficient to render a guilty plea involuntary.").

As discussed, Movant's responses, under oath, to the Court's questions at re-arraignment demonstrate that he knew at the time he pled guilty that he was subject to a maximum aggregate sentence of 40 years' imprisonment; he stated that there were no promises or predictions made to him about the length of the sentence he would receive. (*See* doc. 525 at 8-9, 13-16.) With this knowledge and understanding, Movant still persisted with his guilty plea.

"That movant 'neither refused to enter his plea nor voiced any objection when confronted with this information precludes him from arguing that he pled guilty in reliance upon some

13

alternative characterization of his exposure given to him by his counsel.'" *Lopez v. United States*, Nos. 3:06-CV-2342-N, 3:04-CR-0043-N (01), 2008 WL 3381759, at *6 (N.D. Tex. Aug. 5, 2008) (quoting *United States v. Bjorkman*, 270 F.3d 482, 503 (7th Cir. 2001)). Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Movant has failed to overcome the presumption of verity given to his sworn statements in open court. *See Blackledge*, 431 U.S. at 73-74. As discussed, his sworn statements of understanding and acknowledgement in open court about the maximum term of imprisonment to which he would be exposed, the absence of any promise or guarantee about what sentence he would receive, and the exclusive role of the Court in determining his sentence contradict his claim that his plea was involuntary because he expected to be sentenced to 135-150 months of imprisonment based on his counsel's alleged promises, misrepresentations, or miscalculations. (*See* doc. 525 at 8-9, 13-16.) Movant has not shown that his guilty plea was involuntary, or that he was unaware of the consequences of his guilty plea.[5] Nor has he shown a reasonable probability that he would have insisted on proceeding to trial in the absence of the alleged deficiencies of counsel.[6]

---

[5] To the extent Movant now claims that the "plea agreement was clearly erroneous and misleading" in setting forth the penalties to which Movant was subject if he pled guilty, Movant admits that "it was clarified during [his] re-arraignment that each of the two counts he was pleading guilty to carried" a penalty of imprisonment not to exceed 20 years. (No. 3:18-CV-1493-D-BH, doc. 3 at 12.) After the alleged clarification of the plea agreement, Movant voiced no objection and proceeded to plead guilty. (*See* doc. 525 at 11-13, 17.) Accordingly, he has not shown that his guilty plea was involuntary, that he was unaware of the consequences of his guilty plea, or that he would have otherwise proceeded to trial, and is therefore not entitled to § 2255 relief on this basis.

[6] Movant argues that his motion seeking the appointment of new counsel and claiming innocence of the charges, filed prior to entering into the plea agreement and pleading guilty, supports his claim that he would have proceeded to trial absent the alleged deficiencies of counsel. After filing this motion, however, Movant voluntarily entered into a plea agreement, executed a factual resume, and swore under oath that he was voluntarily pleading guilty because he was guilty and for no other reason. (*See* docs. 251, 253; doc. 525 at 9.) Movant's pre-plea motion does not show a reasonable probability that he would have insisted on proceeding to trial in light of his subsequent conduct and testimony in the record.

## V.   EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court to resolve the factual disputes of his § 2255 motion.  (*See* 3:18-CV-1493-D-BH, doc. 9 at 3-8.)  No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *Reed*, 719 F.3d at 373 (citation omitted); *see also Cervantes,* 132 F.3d at 1110 (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue.").

Here, Movant has produced his own declaration in support of his § 2255 motion, which may constitute competent evidence sufficient, if believed, to establish that his counsel's performance was deficient regarding Movant's sentence exposure.  *See Reed*, 719 F.3d at 374 (concluding that the defendant's affidavit constituted competent evidence sufficient, if believed, to establish that counsel had made a prediction to him about his sentence if he accepted a plea).  A court should not, however, "upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.  Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).  The contemporaneous record evidence conclusively shows that Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue under *Strickland* for the reasons discussed above.  Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing, and his request should be denied.

15

## VI. RECOMMENDATION

The movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 8, 2018 (doc. 2), should be **DENIED** with prejudice.

**SIGNED this 5th day of April, 2021.**

*IRMA CARRILLO RAMIREZ*
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*IRMA CARRILLO RAMIREZ*
UNITED STATES MAGISTRATE JUDGE